Document Number 029
Case Number 06-C-0570-S
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
12/11/2006 11:04:00 AM CST

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

_____

WILLIAM MATTHEW CRONIN,

               Plaintiff,              MEMORANDUM AND ORDER

  v.                                         06-C-570-S

EBI, L.P. and
EBI HOLDINGS, INC.,

               Defendants.
_____

     Plaintiff William Matthew Cronin commenced this action in the Dane County, Wisconsin Circuit Court for a declaratory judgment that his confidentially and non-competitive agreement with defendants is illegal, void and unenforceable, claiming no damages other than reasonable attorney's fees and costs. Defendants removed said matter to this Court claiming the amount in controversy requirement is satisfied and were plaintiff to receive all the relief he requested, the cost to defendants would far exceed $75,000, the jurisdictional requirement. Defendants also served and filed a belated counterclaim alleging irreparable harm which plaintiff denies with affirmative defenses. Plaintiff's motion for remand is presently pending before the Court.

     Taking the position most favorable to defendants who have the burden to establish the jurisdictional amount by a preponderance of the evidence, the Court examines those damages based on the allegations suggesting that defendants will suffer damages in excess of the jurisdictional amount should plaintiff prevail, all

as is set forth in McCarty v. Amoco Pipeline Co., 595 F.2d 389 (7th Cir. 1979) commencing at page 395:

> . . .As has already been pointed out "[s]ince the jurisdictional amount prerequisite was enacted primarily to measure substantiality of the suit, the question of whether the controversy is substantial should not be answered unqualifiedly by looking only to the value of that which the plaintiff stands to gain or lose." 1 Moore's Federal Practice ¶0.91[1], p. 846 (1978). In the instant case, the defendant Amoco has shown by an unchallenged affidavit that the pecuniary result to it which the judgment prayed for would directly generate would exceed the jurisdictional amount. We believe that the interests of equity and fairness, as well as the purposes behind the removal statute, would here be well served by allowing the plaintiff's claim to be evaluated for jurisdictional purposes by applying the either viewpoint rule. Accordingly, we hold that removal was proper and that the district court had jurisdiction to hear this case.

Defendants also argue that they have demonstrated to a reasonable probability that plaintiff could receive a benefit greater than the $75,000 should he prevail based upon the affidavit of Robert Ochenrider, Regional Vice President for the Midwest Region of EBI, L.P., who among other things avers that he was engaged in recruitment and hiring of new sales representatives and training and educating the sales representatives about EBI, L.P.'s product lines, sales and marketing strategies and objectives. Further, that defendants design, develop, manufacture and market electrical stimulation and external fixation devices used primarily by orthopaedic medical specialists. Further, that EBI uses a direct personal sales model by which its sales are made through

personal contact between EBI sales representatives and the surgeons for which sales are entirely dependent upon the knowledge and expertise of the employee sales representatives. Expensive capital and time is invested in each EBI employee sales representative to ensure they possess the requisite knowledge and expertise about defendants products and strategies to be effective. All of which requires the signing of confidentiality and non-competition agreement identical to the one signed by the plaintiff. As part of plaintiff's responsibilities, he was required to become familiar with the product lines, sales techniques, business development strategies and other sensitive and proprietary methods for conducting business in the Northeastern Wisconsin territory as well as to develop good will with EBI's prospective and current customers. Annual sales in the Northeastern Wisconsin territory were approximately $4,000,000 during the past 12 months and plaintiff was promoted to Territory Manager at $100,000 per year. Plaintiff was directly involved in the development of marketing strategies and plans as well as performance quotas for the territory and was entrusted with and had access to all of defendants sales, cost and pricing data as well as current and prospective customer lists and customer information gained through defendant's significant time and effort in the territory.

    Unfortunately for defendants, they rely on those similar circumstances found to exist in <u>Consolidated Doors, Inc. v. Mid-</u>

America Door Co., 120 F.Supp.2d 759 (E.D.Wis. 2000). The Westfield affidavit in Consolidated is similar to the circumstances referred to in the Ochenrider affidavit, neither of which constitute competent evidence sufficient to meet the burden of demonstrating that the amount in controversy exceeds $75,000.

> It is well settled that the burden rests on the defendant in a removal action to prove that the amount in controversy is sufficient to support federal diversity jurisdiction. A defendant seeking removal may meet that burden by a preponderance of the evidence. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir.1993). "If [a defendant's] allegations of jurisdictional facts are challenged by [its] adversary in any appropriate manner, [the defendant] must support them by competent proof. And where they are not so challenged, the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify [its] allegations by a preponderance of evidence." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct.780, 785, 80 L.Ed. 1135 (1936). Consolidated at p. 762.

Given the foregoing, the question that must be answered is whether defendants have met their burden in proving based on competent proof and by a preponderance of the evidence that the pecuniary result to it which a judgment in favor of plaintiff would directly produce exceeds $75,000. It is this Court's opinion that the answer to that question is "no" as was so determined by United States Magistrate Judge Callahan in Consolidated.

Questions on removal are strictly construed against federal jurisdiction and the federal court should remand where doubt exists as to the right of removal. Consolidated at p. 763:

4

> . . .After all, "fundamental fairness dictates that if a federal court has doubts about its jurisdiction, it should resolve those doubts by ordering a remand . . .  Otherwise, the state-court-plaintiff would risk the possibility of winning a final judgment in federal court only to have it determined later on appeal that the court lacked jurisdiction.  This would require plaintiff to return to state court and relitigate the case." *Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp.*, 43 F.Supp.2d 734, 741 (E.D.Texas 1999).

As in <u>Consolidated</u>, these defendants have not persuaded this Court by a preponderance of the evidence and with competent proof that the pecuniary damages to it would directly produce an amount which exceeds $75,000.  Again, as in <u>Consolidated</u> the case upon which defendants rely, this Court determines that the evidence and arguments defendants have offered are far too speculative and without adequate foundation to support a finding by this Court that it has diversity jurisdiction over this action.

Plaintiff's motion to remand will be granted.

Accordingly,

ORDER

IT IS ORDERED that plaintiff's motion to remand is GRANTED.

IT IS FURTHER ORDERED that the above entitled matter is REMANDED to the Circuit Court for Dane County, Wisconsin.

Entered this 11th day of December, 2006.

BY THE COURT:

S/

_____
JOHN C. SHABAZ
District Judge